## J. DANIEL ACKERMAN AND OTHERS, APPELLANTS, v. CHARLES C. DELUDE, RESPONDENT.

*Change of place of trial—when an action is not brought to recover chattels "distrained" within the meaning of section 983 of the Code of Civil Procedure — Affidavit to change venue for convenience of witnesses — form of, when the party is an attorney and appears in person.*

Appeal from an order of the Oneida Special Term, changing the place of trial from the county of Onondaga to the county of Niagara.

This action was brought to recover a quantity of ready-made clothing which is alleged to have been wrongfully taken from the possession of the plaintiffs by the defendant, at the city of Lockport in the county of Niagara, and which property he wrongfully detains from

the plaintiffs. The motion to change the place of trial is made upon two grounds:

*First.* That the action is local and that the defendant has the right to have the trial take place in Niagara county.

*Second.* For the convenience of witnesses.

The court at General Term said: " Section 983 of the Code provides that 'an action for either of the following causes must be tried in the county where the cause of action, or some part thereof, arose * * * (sub. 3); to recover a chattel distrained, or damages for distraining a chattel.'

" It will be observed that this section does not provide that an action to recover a chattel must be tried in the county where the action arose, but it is an action to recover a chattel *distrained.* Bouvier defines 'distrained' as follows: 'To take as a pledge property of another and keep the same until he performs his obligation, or until the property is replevied by the sheriff.' Such was not the condition of this property at the time this action was brought. It had not been distrained by the defendant, and no such thing is alleged in his answer. He claims to be the owner of it by reason of an assignment made to him on the part of one Edward Hart for the benefit of creditors. An action to recover property so held we do not regard as being within the provisions of the section of the Code referred to. * * *

" Prior to the argument of the motion to change the place of trial the plaintiff made a preliminary objection to the moving affidavits of the defendant, claiming * * * that the affidavits failed to show that the defendant stated to his counsel the facts which he expects to prove by each and every of his witnesses, etc. * * *

" It appears from the affidavit that the defendant is himself an attorney and counselor at law; that he is the attorney for himself in this action and has thus far had the entire charge of the action for himself as such defendant. He himself swears that the witnesses which are named by him 'are and each of them is a material and necessary witness for the defendant in this action, and the defendant in this action cannot safely proceed to the trial of this action without the testimony of each and every of said witnesses.' It cannot be that it is necessary for him to state in his affidavit that he has stated the facts to himself, and that he has been advised by

himself as to the materiality of the witnesses. That rule only prevails where the party making the affidavit is not an attorney and counselor of this court. He then proceeds in his affidavit to state what he has been informed and what he expects to prove by the various witnesses named by him. We regard this affidavit sufficient in form and that the preliminary objections were properly overruled."

*Samuel R. Stern*, for the appellants.

*Charles C. De Lude*, in person.

Opinion by HAIGHT, J.; SMITH, P. J., and HARDIN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.